IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 10-cv-02779-BNB

AMEL JOSEPH OLIER,

Applicant,

v.

DAVID ZUPAN, WARDEN, Fort Lyon Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, John Suthers,

Respondents.

---

ORDER TO DISMISS IN PART AND FOR ANSWER

---

Applicant, Amel Joseph Olier, is a Colorado Department of Corrections inmate incarcerated at the Fort Lyon Correctional Facility in Fort Lyon, Colorado. Mr. Olier has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 1] challenging the validity of his state court convictions. He has paid the $5.00 filing fee.

In an order filed on November 23, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a pre-answer response on December 13, 2010. Applicant filed a reply on January 5, 2011.

The Court must construe liberally the Application filed by Mr. Olier because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied in part.

**I. Background and State Court Proceedings**

In March 2008, Mr. Olier was convicted by a jury of possession with intent to distribute a schedule II controlled substance-second offense, possession of drug paraphernalia and one special offender count in Mesa County District Court Case No. 06CR1474. Application, 1-2; Pre-Answer Resp. 2. He was sentenced to twenty-eight years in prison. *Id.*

The Colorado Court of Appeals affirmed Mr. Olier's convictions on direct appeal. *See People v. Olier*, No. 08CA1279 (Colo. Ct. App. July 16, 2009) (unpublished decision), Pre-Answer Resp., Ex. B. The Colorado Supreme Court denied certiorari review on November 9, 2009. *Id.*, Ex. F.

Mr. Olier initiated this action on November 15, 2010. He asserts three claims in the Application: (1) the state trial court violated his constitutional and state statutory rights to a speedy trial; (2) the trial court erred in admitting evidence of his prior felony conviction to impeach the testimony of a defense witness and the error deprived Mr. Olier of his constitutional right to a fair trial; and, (3) the trial court erred in denying his motion to suppress evidence seized pursuant to a search warrant because the affidavit in support of the search warrant did not demonstrate probable cause. Application, at 5-6c.

Respondents concede and the Court finds that the Application is timely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Pre-Answer Resp. at 2. Respondents argue, however, that the Court may not reach the merits of Mr. Olier's first

claim because a violation of state statutory law is not cognizable on federal habeas review. Respondents further maintain that because Applicant failed to assert an infringement of his federal constitutional right to speedy trial in the state trial court, that claim is procedurally barred. Pre-Answer Resp. at 5-9. Respondents also contend that Mr. Olier failed to raise his second claim as a federal constitutional claim in the state courts. *Id.* at 9. Respondents thus maintain that the Application should be dismissed as a mixed petition pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982) (habeas petition containing both exhausted and unexhausted claims is subject to dismissal as a mixed petition for lack of exhaustion). Respondents concede and the Court finds that Mr. Olier exhausted states remedies for his third claim. *Id.*

**II. Issue of State Law**

Mr. Olier's first claim asserts, in part, a violation of his right to speedy trial under Colorado statute. However, an alleged violation of state law is not reviewable in a proceeding under 28 U.S.C. § 2254. *See Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (recognizing that "§ 2254 exists to correct violations of the United States Constitution, not errors of state law"); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Mr. Olier's claim alleging a violation of state law will therefore be dismissed.

**III. Exhaustion of State Remedies and Procedural Default**

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's

rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The federal issue must be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). The "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

**A. Constitutional Right to Speedy Trial**

Respondents argue that Mr. Olier procedurally defaulted his claim that he was denied his constitutional right to a speedy trial because he failed to raise it in the state trial court and the Colorado Court of Appeals declined to address it on that ground.

A federal habeas court will not review a federal claim that was defaulted in a state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722,

750 (1991). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). "The question whether a state procedural rul[e] is adequate is itself a question of federal law." *Beard v. Kindler*, ___ U.S. ___, 130 S.Ct. 612, 617 (2009). The adequacy inquiry "ask[s] whether the state rule in question was 'firmly established and regularly followed.'" *Id*. (quoting *Lee v. Kemna*, 534 U.S. 362, 376 (2002)).

The Colorado Court of Appeals relied on Colorado procedural law in rejecting Mr. Olier's constitutional speedy trial claim:

> Defendant contends the trial court violated his constitutional right to a speedy trial. However, we decline to address this claim because it was not raised in the trial court. *People v. Cass*, 68 P.3d 537, 539 (Colo. App. 2002); *see also People v. Scialabba*, 55 P.3d 207, 209-10 (Colo. App. 2002).

Pre-Answer Resp. Ex. D at 6.

The state procedural bar is firmly established and regularly followed. *See Scialabba*, 55 P.3d at 209-10 (by basing his speedy trial objections in the trial court solely on his statutory right, defendant waived his claim that his constitutional right was violated) (citing *People v. Cagle*, 751 P.2d 614 (Colo. 1988) (it is axiomatic that an appellate court will not consider constitutional issues not raised in the trial court)); *Cass*, 68 P.3d at 539 (declining to consider alleged violation of defendant's constitutional right to a speedy trial where he did not raise the issue at trial); *People ex rel. T.A.*, 91 P.3d 473, 475 (Colo. App. 2004) (declining to consider juvenile's claim that his constitutional right to a speedy trial was violated where juvenile failed to raise the claim in the juvenile court, citing *Cass* and *Scialabba*).

For his part, Applicant disputes the state appellate court's finding that he failed to raise the federal constitutional issue in the trial court. Applicant argues in his Reply that his trial counsel objected on the first day of trial, March 11, 2008, "[t]o the trial taking place at all due to a violation of Mr. Olier's Constitutional right to a speedy trial." Reply, at 2. Under the AEDPA deferential standard of review, the state appellate court's factual determination that Mr. Olier failed to preserve the issue for appellate review is a factual finding that is presumed correct unless Applicant points to clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1).

The state court record was filed in this Court on February 17, 2011. The Court has reviewed the trial transcript from the first day of Mr. Olier's trial. Counsel made an oral motion to dismiss the criminal charges based on a violation of Mr. Olier's state statutory right to speedy trial. State Court R., Trial Tr. Vol. 1 at 7. Counsel relied solely on *People ex rel. Gallagher In and For Eighteenth Judicial Dist.*, 933 P.2d 583 (Colo. 1997) in support of his motion. *Id.* at 7-11. *Gallagher* was an original proceeding filed by the District Attorney pursuant to Colorado Rule of Appellate Procedure 21 seeking an order directing the district court to try the criminal action before expiration of the defendant's speedy trial deadline, as required by COLO. REV. STAT. § 18-1-405. The District Attorney argued that defense counsel's request for a continuance based on a conflict of interest, two months before the speedy trial time was to run, was not properly charged to the defendant for purposes of the statutory six-month time period. The Colorado Supreme Court did not address a claim that the defendant's constitutional speedy trial rights were being infringed. *See Gallagher*, 933 P.2d at 587 ("At the outset, we note that this original proceeding is based on the statutory right to a speedy trial and

does not involve the constitutional right to a speedy trial provided for in both the Colorado and federal constitutions.”).

Mr. Olier’s counsel did not argue to the trial court that Applicant’s constitutional right to speedy trial had been infringed, or ask the trial court to apply the four-part balancing test of *Barker v. Wingo*, 407 U.S. 514, 530 (1972) to determine whether the delay in his case violated the federal Constitution. State Court R., Trial Tr. Vol. 1 at 7-29. Accordingly, Mr. Olier has failed to establish by clear and convincing evidence that he preserved a claim asserting a deprivation of his federal constitutional right to speedy for appellate review. The Colorado Court of Appeals’ application of a state procedural bar therefore precludes federal habeas review of the merits unless Mr. Olier demonstrates cause for the procedural default and actual prejudice as a result of the alleged violation of federal law, or that a fundamental miscarriage of justice will occur if this Court does not consider the claim. *See Coleman*, 501 U.S. at 750.

Mr. Olier fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action. His *pro se* status does not exempt him from meeting one of these requirements. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994). Mr. Olier’s claim asserting an infringement of his constitutional right to speedy trial will therefore be dismissed as procedurally barred.

**B. Violation of Constitutional Right to a Fair Trial**

Respondents argue that Mr. Olier failed to exhaust his second claim in the state courts as a federal constitutional claim and therefore, the Application should be dismissed as a mixed petition. The Court does not agree with Respondents’ analysis and finds that claim two is exhausted.

Mr. Olier argued in his opening brief on direct appeal to the state appellate court that evidence of his prior felony conviction for a crime substantially similar to the crime charged in his current case was prejudicial character evidence that outweighed any probative value, and therefore should have been excluded. Pre-Answer Resp. Ex. B at 17-18. Mr. Olier further argued that the trial court's error in admitting the evidence of his prior conviction violated his "constitutional right to a fair trial." *Id.* at 18. Mr. Olier presented the same claim to the Colorado Supreme Court. *Id*., Ex. E at 14. Although Mr. Olier did not specifically cite the *federal* Constitution, the Court finds that he apprised the state appellate courts of the federal basis of his claim. *See*, *e.g.*, *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) ("On habeas review, we will not disturb the state court's evidentiary rulings unless the appellant demonstrates that the court's error was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process.") (internal quotation marks and citation omitted). Accordingly, it is

ORDERED that claim one is dismissed in its entirety. The asserted state statutory speedy trial violation is a non-reviewable issue of state law. The asserted federal constitutional speedy trial deprivation is procedurally barred. It is

FURTHER ORDERED that within thirty (30) days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted claims two and three. It is

FURTHER ORDERED that within thirty (30) days of the filing of the answer Applicant may file a reply, if he desires.

DATED this 18th day of March, 2011.

BY THE COURT:

s/ William J. Martínez
United States District Judge